IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J & J SPORTS PRODUCTIONS, INC.

     v.                       :   Civil Action No. DKC 11-1599

CASTRO CORPORATION, et al.

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case involving alleged violations of the Communications Act of 1934 is a motion filed by Plaintiff J & J Sports Productions, Inc., for entry of default judgment. (ECF No. 14). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion will be granted in part and denied in part.

**I.   Background**

On June 10, 2011, Plaintiff J & J Sports Productions, Inc., commenced this action against Defendants Castro Corporation, t/a El Puento de Oro Restaurant, and two of its principals, Ciro Castro and Juan Castro, alleging violations of the Communications Act of 1934, as amended, 47 U.S.C. §§ 553 (unauthorized reception of cable service) and 605 (unauthorized publication or use of communications), and the common law tort

of conversion.   The complaint recites that Plaintiff "paid for and was thereafter granted the exclusive nationwide television distribution rights to [] *'The Battle of East and West': Manny Pacquiao v. Ricky Hatton, IBO Light Welterweight Championship Fight Program*[,] which telecast nationwide on Saturday, May 2, 2009" ("the Broadcast").   (ECF No. 1 ¶ 9 (emphasis in original)).   Plaintiff then entered into sublicensing agreements with commercial establishments, such as bars and restaurants, which purchased the rights to exhibit the Broadcast for their patrons.   Plaintiff alleges that, "[w]ith full knowledge that [the Broadcast] was not to be intercepted, received and exhibited by entities unauthorized to do so, . . . [Defendants] did unlawfully publish, divulge and exhibit [the Broadcast] . . . willfully and for the purposes of direct or indirect commercial advantage or private financial gain." (*Id.* at ¶ 12).

Defendant Juan Castro was served with the complaint on July 12, 2011, and Defendants Ciro Castro and Castro Corporation were served on July 28.   Suggestions of bankruptcy were subsequently filed as to the individual defendants and the case was administratively closed as to them.   (ECF Nos. 12, 16).   The corporate defendant, Castro Corporation, failed to respond to the complaint within the requisite time period, and Plaintiff moved for entry of default.   Shortly after the clerk entered

default (ECF No. 13), Plaintiff filed the pending motion for entry of default judgment (ECF No. 14).[1]

## II.  Analysis

Pursuant to Fed.R.Civ.P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Where a default has been previously entered by the clerk and the complaint does not specify a certain amount of damages, the court may enter a default judgment, upon the plaintiff's application and notice to the defaulting party, pursuant to Fed.R.Civ.P. 55(b)(2).  A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court.  *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The Fourth Circuit has a "strong policy" that "cases be decided on their merits," *Dow v. Jones*, 232 F.Supp.2d 491, 494 (D.Md. 2002) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), but default judgment may be appropriate where a party is unresponsive.  *See S.E.C. v. Lawbaugh*, 359

---

[1] Ciro Castro did not file his suggestion of bankruptcy until after default was entered and Plaintiff had moved for default judgment against him.  Because the case is administratively closed as to him, Plaintiff's motion will be denied without prejudice as to this defendant.

F.Supp.2d 418, 421 (D.Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)).

"Upon [entry of] default, the well-pled allegations in a complaint as to liability are taken as true, but the allegations as to damages are not." *Lawbaugh*, 359 F.Supp.2d at 422. Fed.R.Civ.P. 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages . . . because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir. 2000). Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C. 2001) (citing *S.E.C. v. Management Dynamics, Inc.*, 515 F.2d 801, 814 (2nd Cir. 1975); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd Cir. 1981)). While the court may hold a hearing to hear evidence as to damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17

(citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)); *see also Laborers' District Council Pension, et al. v. E.G.S., Inc.*, Civ. No. WDQ-09-3174, 2010 WL 1568595, at *3 (D.Md. Apr. 16, 2010) ("on default judgment, the Court may only award damages without a hearing if the record supports the damages requested").

In both the complaint and the motion for default judgment, Plaintiff requests statutory damages of $100,000 for Defendant's violation of § 605 and $50,000 for the violation of § 553. "Generally, however, plaintiffs cannot recover under both statutes for the same conduct and courts allow for recovery under § 605 as it provides for the greater recovery." *J & J Sports Productions, Inc. v. Quattrocche*, Civil Action No. WMN-09-CV-3420, 2010 WL 2302353, at *1 (D.Md. June 7, 2010) (citing *J & J Sports Productions, Inc. v. 291 Bar & Lounge, LLC*, 648 F.Supp.2d 469 (E.D.N.Y. 2009); *Kingvision Pay-Per-View, Ltd. v. Las Reynas Restaurant, Inc.*, Civ. No. 4:07-67, 2007 WL 2700008, at *1 (E.D.N.C. Sept. 11, 2007); *Kingvision Pay-Per-View, Ltd. v. Backman*, 102 F.Supp.2d 1196, 1197 (N.D.Cal. 2000)). "Courts have similarly not allowed recovery for claims of conversion, as they would not exceed those under §§ 553 or 605 and would result in double-recovery." *J & J Sports Productions, Inc. v. Castro Corp.*, Civil Action No. 11-cv-00188-AW, 2011 WL 5244440, at *3 (D.Md. Nov. 1, 2011) (citing *J & J Sports Productions, Inc. v.*

*J.R.'Z Neighborhood Sports Grille, Inc.*, Civ. No. 2:09-03141, 2010 WL 1838432, at *2 (D.S.C. 2010)).  Thus, Plaintiff may recover, at most, $110,000, consisting of $10,000 in statutory damages, the maximum allowable under § 605(e)(3)(C)(i)(II), and $100,000 in enhanced damages, the maximum amount under § 605(e)(3)(C)(ii).[2]

## A. Statutory Damages

In *Quattrocche*, 2010 WL 2302353, at *2, Judge Nickerson set forth the relevant considerations in the damages analysis under § 605(e)(3)(C)(i)(II):

> Here, Plaintiff has elected an award of statutory damages, which under 47 U.S.C. § 605(e)(3)(C)(i)(II) entitles Plaintiff to an award "as the court considers just," between a range of $1000 to $10,000 for each unauthorized reception and publication of a radio communication by the defendants in violation of section 605(a).  Courts in this Circuit have used two different approaches to exercising [] discretion in awarding damages under § 605(e)(3)(C)(i)(II).  The first approach has two variations.  This approach involves multiplying a certain amount by either the number of patrons observed in the defendant's establishment at the time the program was shown or by the maximum occupancy of the establishment. *Joe Hand Promotions, Inc. v. Bougie, Inc.*, Civ. No. 109-00590, 2010 WL 1790973, at *5 (E.D.Va. April 12, 2010) (patrons present); *[Kingvision Pay-Per-View, Ltd. v.] Admiral's*

_____

[2] While both provisions under § 605(e)(3)(C) are prescribed by statute, for ease of exposition the court refers to the damages amount under § 605(e)(3)(C)(i)(II) as "statutory damages" and those under § 605(e)(3)(C)(ii) as "enhanced damages."

*Anchor*, 172 F.Supp.2d [810,] 812 [S.D.W.Va. 2001] (maximum occupancy); *Entertainment by J & J, Inc. v. Gridiron, Inc.*, 232 F.Supp.2d 679, 681 (S.D.W.Va. 2001) (maximum occupancy). The first variation seeks to approximate the defendant's profits or the plaintiff's lost earnings assuming each patron would have ordered the event for residential viewing. *[J & J Sports Prods., Inc. v.] 291 Bar & Lounge*, 648 F.Supp.2d [469,] 474 [E.D.N.Y. 2009]. The second variation seeks to award the license fee the defendant would have paid if it had legally purchased the event for exhibition. *Id.* The other approach to calculating damages is to award a flat sum per violation. *[J & J Sports Prods., Inc. v.] J.R.'Z Neighborhood Sports Grille*, 2010 WL 1838432, at *1 [D.S.C. Apr. 5, 2010] ($5000); *[Joe Hand Promotions, Inc. v.] Angry Ales*, 2007 WL 3226451, at *5 [W.D.N.C. Oct. 29, 2007] ($1000); *Kingvision Pay-Per-View Ltd. v. Gadson*, Civ. No. 1:04-678, 2007 WL 2746780, at * 2 (M.D.N.C. Sept.18, 2007) ($10,000); *Las Reynas Restaurant*, 2007 WL 2700008, at *3 ($2000).

In support of its claim for statutory damages in this case, Plaintiff attaches the affidavit of Shenae Outerbridge, a private investigator who observed the Broadcast on three televisions in the bar and restaurant areas of El Puente de Oro on the evening of the event. (ECF No. 14-3). She was not charged an entrance fee, remained in the restaurant for approximately eight minutes, and counted approximately 54 patrons inside. In its memorandum, Plaintiff cites a number of factors courts have considered in determining an appropriate award of statutory damages, but offers no explanation as to how

those factors should be applied in this case, nor has it provided any evidence of the lost profits associated with Defendant's violations. *Cf. J & J Sports Productions, Inc. v. Greene*, Civil Action No. DKC 10-0105, 2010 WL 2696672, at *5 (D.Md. July 6, 2010) (where the same plaintiff attached to its motion a "rate card," demonstrating that "[t]he costs for Defendant to legally purchase the December 6, 2008 [Broadcast] was $2,200.00 based on an occupancy of 0-100 patrons"). Courts faced with a similar dearth of evidence have awarded the statutory minimum of $1,000. *See Quattrocche*, 2010 WL 2302353, at *3 (citing *291 Bar & Lounge*, 648 F.Supp.2d at 474; *Angry Ales*, 2007 WL 3226451, at *5). This court will do the same. Accordingly, Plaintiff will be awarded statutory damages under § 605(e)(3)(C)(i)(II) in the amount of $1,000.

### B.   Enhanced Damages

Pursuant to § 605(e)(3)(C)(ii), where the court finds that a violation was "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages . . . by an amount of not more than $100,000." In its memorandum, Plaintiff appears to conflate the concepts of statutory and enhanced damages. (*See* ECF No. 14-2, at 6 ("an award of the *enhanced* statutory damage *minimum* ($10,000.00) is a necessary baseline amount this Court should consider adopting" (emphasis

8

in original)).[3]   Nevertheless, it clearly seeks the maximum
amount of enhanced damages ($100,000), in addition to statutory
damages, without presenting specific argument in support.

In *Quattrocche*, 2010 WL 2302353, at *2, the court
explained:

> In determining whether enhanced damages are
> warranted, other courts in this Circuit have
> looked to several factors:  1) evidence of
> willfulness; 2) repeated violations over an
> extended period of time; 3) substantial
> unlawful monetary gains; 4) advertising the
> broadcast; and 5) charging an admission fee
> or charging premiums for food and drinks.
> *Bougie*, 2010 WL 1790973, at *6; *J.R.'Z
> Neighborhood Sports Grille, Inc.*, 2010 WL
> 1838432, at *2; *Las Reynas Restaurant*, 2007
> WL 2700008, at *3; *Gadson*, 2007 WL 2746780,
> at *3.

The fact that Defendant intercepted and exhibited the
Broadcast willfully and for direct or indirect commercial
advantage cannot be doubted.   "After all, '[s]ignals do not
descramble spontaneously, nor do television sets connect
themselves to cable distribution systems.'"   *Bougie*, 2010 WL
1790973, at *6 (quoting *Time Warner Cable v. Googies
Luncheonette, Inc.*, 77 F.Supp.2d 485, 490 (S.D.N.Y. 1999)).
Moreover, Castro Corporation is a repeat offender.   *See Castro
Corp.*, 2011 WL 5244440 (similar violations relating to a
December 6, 2008, boxing event).   On the other hand, both of the

---

[3]   Because Plaintiff failed to number the pages of its
memorandum, numerical references are to those assigned by the
court's electronic case filing system.

individual defendants are now in bankruptcy; Plaintiff has presented no evidence of any advertising associated with the restaurant's broadcast of the event; and the record reflects that no admission fee was charged.

If only statutory damages were awarded, there would be little to deter Defendant or other similarly situated businesses from risking future violations. Thus, enhanced damages will be awarded in this case. Courts have generally awarded "'anywhere from three to six times the statutory damages award for enhanced damages[.]'" *J.R.'Z Neighborhood Sports Grille, Inc.*, 2010 WL 1838432, at *2 (quoting *J & J Sports Productions, Inc. v. Ribiero*, 562 F.Supp.2d 498, 502 (S.D.N.Y. 2008)). In *Quattrocche*, 2010 WL 2302353, at *3, where the defendant charged an admission fee for its unlawful exhibition of a boxing match, Judge Nickerson calculated enhanced damages by "multiplying the [minimum] statutory damages by a factor of 5." Where, as here, the evidence suggests that no admission fee was charged, courts in this district have typically multiplied the statutory damages amount by a factor of three to calculate enhanced damages. *See Castro Corp.*, 2011 WL 5244440, at *5; *Greene*, 2010 WL 2696672, at *5. As there is no evidence suggesting that a higher multiplier is warranted here, this court will also multiply the statutory damages by a factor of three. Accordingly, Plaintiff

will be awarded enhanced damages under § 605(e)(3)(C)(ii) in an amount of $3,000 and a total damages award of $4,000.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment will be granted in part and denied in part.  A separate order will follow.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge